595 So.2d 351 (1992)
THREE RIVERS FARM SUPPLY, INC., Plaintiff-Appellee,
v.
LOUISIANA CENTRAL BANK, et al., Defendants-Appellants.
No. 23268-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
William F. Gandy, Jr., Lafayette, for Louisiana Central Bank.
H. James Lossin, Sr., Jonesville, for A.L. Moore, Jr.
Brent Stafford Gore, Ferriday, for Three Rivers Farm Supply.
John Durham Crigler, St. Joseph, for Michael & Claudia Martien.
*352 Before SEXTON, NORRIS and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Louisiana Central Bank appeals a determination that the encumbrances of three intervenors outrank its collateral mortgage on property seized by writ of fieri facias. For the reasons hereinafter expressed, we reverse.

FACTS AND PROCEDURAL HISTORY
Michael and Claudia Martien, by act under private signature dated June 22, 1983, executed a collateral real estate mortgage securing a promissory note of that date, due on demand at Louisiana Central Bank ("Central Bank"). On July 1, 1983, this document was filed into the mortgage records of Tensas Parish, where the realty is located. Subsequently, on August 31, 1987, in ordinary proceedings against the Martiens in district court of Concordia Parish, Central Bank obtained a $30,000 default judgment that recognized its privilege on the immovable property described in the mortgage.
Later, a writ of fieri facias issued from the Concordia clerk of court directed to the sheriff in Tensas Parish. However, before the scheduled judicial sale, three other parties intervened, namely, Three Rivers Farm Supply, Inc., A.L. Moore (Exxon Distributor), and Frederick W. Fudickar. In separate yet virtually identical petitions, they sought erasure of Central Bank's collateral mortgage and recognition of their own judicial mortgages, these latter decrees having been recorded subsequent to the bank's mortgage. All three intervenors premised their position on allegations that the bank's instrument "was not witnessed nor notarized as per Civil Code Article 3305."
At trial, intervenors' sole evidence consisted of a copy of the challenged collateral mortgage. Central Bank responded with copies of its judgment and a clerk's mortgage certificate. Following argument of counsel and submission of memoranda, the district judge concluded that the unwitnessed instrument could not affect third parties, absent proof of genuineness of signatures being introduced at the intervention.

DISCUSSION
The pleadings and pretrial memoranda, together with oral argument of counsel, post-trial memoranda, and reasons for judgment, delineate the issues presented at trial. Intervenors' concerns focused on the fact that the bank's collateral mortgage did not bear the signatures of a notary and witnesses. Such a document, they contended, could not affect third parties.
In answer to the intervention, Central Bank admitted that the debtors executed the instrument under private signature. Such a mortgage, of course, could affect third parties only by recordation in the parish of the described property. LSA-C.C. Arts. 3342, 3347.
Yet, as stated, the document in question is clearly shown to have been so recorded in Tensas Parish. Indeed, LSA-C.C. Art. 3367 authorizes the registrar, acting on his own responsibility, to inscribe an act of mortgage under private signature. Such recordation places third parties on notice and, at the same time, certainly does not diminish the efficacy of the encumbrance.
A mortgage may be validly contracted by private act, LSA-C.C. Art. 3305 (repealed effective January 1, 1992, see new Article 3287), and validly recorded without previous acknowledgment of signature, Gallagher v. Conner, 138 La. 633, 70 So. 539 (1916); Succession of Elliot, 31 La.Ann. 31 (New Orleans 1879). Furthermore, upon recordation, an instrument under private signature affects third persons. American Bk. & Trust Co. In Monroe v. Carson Homes, Inc., 344 So.2d 456 (La. App. 2d Cir.1977), writ denied, 346 So.2d 221 (La.1977).
As indicated above, the trial court concluded that against third parties the bank could establish the validity of its mortgage only by proving, at the intervention trial, the authenticity of the signatures on the instrument. We disagree.
*353 Previously, Central Bank had successfully instituted an ordinary proceeding against the Martiens. That action determined the amount of the indebtedness, recognized the validity of the mortgage executed by the debtors, and ordered the encumbered property sold to satisfy the judgment. Such a decree rests upon competent and legally certain evidence, as fully as though the defendant specifically denied each allegation. See Ruston St. Bk. & Trust Co. v. Streeter, 545 So.2d 1255 (La. App. 2d Cir.1989). It is well established, of course, that final judgments are presumed valid and may not be collaterally attacked. Thus, intervenors could not impugn the validity of the mortgage recognized and maintained by that earlier judgment. By any measure, the previous adjudication established prima facie that the mortgage legally secured the debt subsequently sought to be enforced through judicial sale.
Under such circumstances, we do not perceive it necessary for the bank to affirmatively demonstrate the genuineness of the signatures on the mortgage, in the instant proceedings. Nor, having failed to do so, should their mortgage on that basis be declared inferior to subsequently recorded encumbrances. Intervenors neither alleged nor argued any other grounds for relief.
In support of their contentions, intervenors cite only three decisions, all distinguishable from the situation at hand. Both South La. Bk. v. Miller, 479 So.2d 461 (La.App. 1st Cir.1985) and Am. Bk. & Trust Co. v. Michael, 244 So.2d 882 (La. App. 1st Cir.1971), writ refused, 258 La. 368, 246 So.2d 685 (1971), deal with executory rather than ordinary proceedings. The chattel mortgage in the former case lacked the requisite number of witnesses, while the court found adequate formal compliance concerning the latter instrument. Equally inapplicable is Sarpy v. Caulfield, 383 So.2d 1369 (La.App. 4th Cir. 1980), addressing the insufficiency of an oral mortgage agreement.
So then, deeming the collateral mortgage validly executed and recorded, and effective against intervenors, we reverse the trial court's declaration of invalidity with respect to the bank's mortgage.
We also note that, in addition to other deficiencies in their case, intervenors can rely only upon a mortgage certificate to establish the existence of their own claims in these proceedings. In our view, such a record would not sustain their burden of proof.

CONCLUSION
Accordingly, for the foregoing reasons, the decision of the trial court is reversed. Judgment is now rendered in favor of the bank and against the three appellees, dismissing their interventions at their cost here and below.
REVERSED AND RENDERED.