657 So.2d 670 (1995)
Theoplis Eugene CAGE, Jr.
v.
ADOPTION OPTIONS OF LOUISIANA, INC. and the State of Louisiana Through Governor Edwin Edwards.
No. 94 CA 2173.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
Otha Curtis Nelson, Sr., Baton Rouge, for appellant-plaintiff Theoplis Cage, Jr.
John H. Ayres, III, Baton Rouge, and Susan Armstrong, Shreveport, for appellee-defendant Adoption Options of Louisiana.
Before FOIL, WHIPPLE and KUHN, JJ.
*671 FOIL, Judge.
This appeal challenges the action of the trial court in dismissing plaintiff's petition pursuant to an exception of no cause of action. We affirm.

BACKGROUND
Plaintiff, Theoplis Cage, Jr., filed this lawsuit against Adoption Options of Louisiana, Inc. and its owner, Dixie Lawrence, along with the State of Louisiana, attacking the constitutionality of two articles of the Children's Code.[1] In his petition, plaintiff alleged that he is the biological father of T.L., who was born on November 25, 1991. He further alleged that on February 28, 1992, the child was voluntarily surrendered for adoption by her mother, Stephanie Leonard, to Adoption Options. The petition alleges that plaintiff was not notified of the surrender, and in April of 1992, demanded the child be returned. However, plaintiff's rights as the alleged putative father of T.L. were terminated by Celia Cangelosi, the Judge Pro Tempore for the Juvenile Court for the Parish of East Baton Rouge.[2] In this lawsuit, plaintiff alleges that articles 1137 and 1138 of the Children's Code, pursuant to which his parental rights were terminated by the juvenile court, are unconstitutional because they deprived him of Equal Protection and Due Process guaranteed by the federal and state constitutions.[3] Plaintiff also urged that he was not served with notice of the mother's surrender in violation of La.Ch.C. art. 1133, and insisted that he was entitled to recover damages from the unlawful surrender.[4]
Defendants filed two peremptory exceptions urging the objection of res judicata and no cause of action, relying on the final judgment of the juvenile court which terminated plaintiff's parental rights. The trial court found that the instant lawsuit represented an impermissible collateral attack on the judgment of the Juvenile Court, and maintained the exception of no cause of action. This appeal followed.

EXCEPTION OF NO CAUSE OF ACTION
The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts of the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced to support or controvert the objection. La.Code Civ.P. art. 931. A court must review the petition and accept all well pleaded facts as true, and the only issue on the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d at 1235.
The prior proceeding which terminated plaintiff's parental rights is a final judgment, and has the authority of a thing adjudged. As a general rule, final judgments are presumed to be valid and may not be collaterally attacked. Three Rivers Farm Supply, Inc. v. Louisiana Central Bank, 595 So.2d 351, 353 (La.App. 2d Cir.1992). There are exceptions to this rule, embodied in La. Code Civ.P. art. 2002. That provision allows a final judgment to be annulled by a collateral attack on the judgment if it is rendered (1) against an incompetent who is not represented as required by law; (2) against a defendant who has not been properly served or against whom a default judgment has not been properly entered; or (3) by a court *672 that does not have jurisdiction over the subject matter of the suit.
Appellant apparently argues that the prior proceeding should not serve as a bar to the instant suit because he was precluded from raising the constitutional issues therein. Appellant asserts that the Juvenile Court is a court of limited jurisdiction, seemingly contending that as such it does not have authority to address constitutional issues. It is also suggested that appellant was precluded from raising the constitutional issues on the appeal of the Juvenile Court's judgment because of the rule that constitutional issues must first be raised in a trial court.
However, there is no validity to this argument. Juvenile courts have jurisdiction provided by law. La. Const. Art. 5, § 18. La. R.S. 13:1621 created the Juvenile Court for the Parish of East Baton Rouge and vested it with exclusive jurisdiction over certain juvenile matters, including all adoption proceedings and proceedings for the relinquishment or termination of parental rights. La.R.S. 13:1621A(2).
The instant appeal challenges the constitutionality of the provisions which require a juvenile court to terminate an alleged father's parental rights in the course of an adoption proceeding where the alleged father fails to establish his parental rights. The issue of the constitutionality of the challenged provisions is clearly a matter within the exclusive jurisdiction of the Juvenile Court. Thus, there was no legal impediment to prevent plaintiff from raising the constitutional issues in the Juvenile Court. See, i.e., In re P.V.W, 424 So.2d 1015 (La.1982) (wherein the Louisiana Supreme Court reversed a juvenile court's declaration that a statute was unconstitutional on the merits of that decision).
Because we reject appellant's argument that he was precluded from raising the constitutional issues in the prior proceeding, it is evident that the instant lawsuit is merely an attempt to collaterally attack the judgment of the Juvenile Court. However, none of the legal grounds identified above which would authorize a collateral attack on the judgment are present in this case. Therefore, we conclude that the trial court acted properly in dismissing the instant petition pursuant to an exception of no cause of action.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Theoplis Cage, Jr.
AFFIRMED.
NOTES
[1] Plaintiff voluntarily dismissed the State of Louisiana from the litigation.
[2] According to the appellees' brief, that judgment terminating plaintiff's rights was affirmed following an appeal taken by Mr. Cage. The prior judgments do not appear in the record of the instant appeal.
[3] La.Ch.C. art. 1137 allows an alleged father to oppose the adoption of a child by invoking a hearing to establish his parental rights within a certain time after receiving the notice of surrender. If the juvenile court determines after the hearing that the alleged father forfeited his parental rights, the court under La.Ch.C. art. 1138 must decree that his parental rights are terminated.
[4] Plaintiff also alleged in his petition that the Juvenile Court's decision is subject to attack because it was rendered by a judge pro tempore for the Juvenile Court. This argument was not reurged in this appeal.