691 So.2d 355 (1997)
FIRST NATIONAL BANK, BIENVILLE PARISH, Plaintiff-Appellee,
v.
Michael Eugene SMITH and Virginia Ann Spillers Smith, Defendants-Appellants.
No. 29350-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1997.
*356 Robertson & Wheeler by K. Douglas Wheeler, Monroe, for Defendants-Appellants.
Woodard & Woodard by Russell A. Woodard, Ruston, for Plaintiff-Appellee.
Before MARVIN, C.J., and WILLIAMS and STEWART, JJ.
STEWART, Judge.
This suit arises out of a promissory note executed by plaintiffs-in-reconvention, Michael Eugene Smith and Virginia Ann Spillers Smith (the Smiths), on November 6, 1989. On June 23, 1993, the defendants-in-reconvention, First National Bank, Bienville Parish (the Bank), filed suit to collect the balance due on the note for the Smiths' failure to make payments. The Smiths filed a reconventional demand alleging that the note was issued under duress and coercion. On November 15, 1994, the trial court granted the Bank's motion for summary judgment on the principal demand and reserved the Smiths' reconventional demands for trial. On June 4, 1996, the trial court granted the Bank's exception of prescription and dismissed the Smiths' reconventional demands. *357 The Smiths have appealed from this judgment. We affirm.

FACTS
On November 6,1989, the Smiths executed a promissory note in the amount of $80,000 secured by a collateral mortgage note and a collateral pledge agreement. This note was renewed by the Smiths by execution of a second promissory note on January 13, 1992 in the amount of $70,695.87.
When the Smiths failed to make their April 1993 payment, the Bank filed suit on the promissory note. On July 8, 1993, the Smiths answered this suit and filed a reconventional demand alleging that the November 6, 1989 promissory note was executed under duress and coercion exercised by the Bank. The Smiths sought to have the promissory note canceled, to be reimbursed for payments already made, and for damages resulting from mental anguish, pain and suffering.
On November 15, 1994, the trial court granted the Bank's motion for summary judgment on the main demand and recognized the collateral mortgage held by the Bank. In this ruling, the trial court specifically reserved for trial the reconventional demands raised by the Smiths. This judgment was not appealed.
On April 3, 1996, the Bank filed peremptory exceptions of res judicata and prescription. First, the Bank alleged that the validity of the note was decided by the trial court and thus, was res judicata under the doctrine of issue preclusion. La.R.S. 13:4231. Second, the Bank alleged that the reconvention claims were delictual in nature and were prescribed under the provisions of La.C.C. art. 3492.
The trial court granted the Bank's exception of prescription finding that the cause of action on which the reconventional demand was based had prescribed. Having decided that the demand was prescribed, the court did not address the res judicata issue.

DISCUSSION
For the first time on appeal, the Smiths allege that their reconventional demands have not prescribed because the promissory note is a relatively null contract due to duress and coercion which vitiated their consent. La.C.C. art. 2031. The prescriptive period for an action to annul a relatively null contract is five years from the time the duress ceased. La.C.C. art. 2032. The Smiths argue that since their reconventional demand was filed within five years of the signing of the promissory note, their demand was timely.
However, the Smiths have failed to address the relevance of the trial court's judgment granting the Bank's motion for summary judgment, which is final and definitive because the Smiths failed to appeal. See La.C.C.P. art. 1915. This judgment ruled on the issue of the validity of the promissory note and purportedly reserved the issue of the reconventional demands for a later trial. The question before this court is, what issues did the trial court intend to reserve for trial?
In their memorandum in opposition to the Bank's motion for summary judgment, the Smiths argued that the Bank was not a holder-in-due-course because they were not in good faith as a result of the alleged coercion and duress inflicted upon the Smiths. See La.R.S. 10:3-302 (prior to its amendment effective July 1, 1993). Because the issue of duress and coercion was presented to the trial court in the memorandum, we must conclude that the trial court considered this issue and rejected the Smiths' allegations.[1] Thus, when the trial court stated that it was reserving the reconventional demands for trial, it was reserving only the claims that were left, i.e. the alleged delictual claims and not the contractual claims. To read the judgment in any other manner would render the judgment inconsistent. It is well established that final judgments are presumed valid and may not be collaterally attacked. Three Rivers Farm Supply, Inc. v. Louisiana Cent. Bank, 595 So.2d 351 (La.App.2d Cir.1992).
*358 As further support for this interpretation of this judgment, we look to the Smiths' own arguments in the trial court. In their opposition to the Bank's exceptions of prescription and res judicata, the Smiths state that this suit is "two separate and distinct lawsuits." They distinguish the Bank's suit on the note and their suit in tort. They state that the summary judgment was based upon a demand on a promissory note and that their reconventional demand is based upon an action in tort. They argue that the only issue in the reconventional demand was whether the Bank committed a tortious act. They assert that whether the monies already paid on the note should be reimbursed was a remedy and not an issue and thus not precluded under the principle of res judicata. Only after the trial court ruled (correctly, as discussed below) that their action in tort had prescribed, did the Smiths attempt to recast their reconventional demands in contractual terms again.
We note that the Smiths' allegations of coercion and duress at the time of the signing of the note are actually affirmative defenses to the note rather than true reconventional demands based in tort. See and compare American Bank v. Saxena, 553 So.2d 836 (La.1989), which held that the bank was entitled to summary judgment when Saxena had established no defenses against the notes. The court found that the claims raised by Saxena in reconvention were separate and distinct from the question of liability on the note and thus, were properly reserved for trial. In the present case, the Smiths' claims of coercion and duress at the time the note was signed are defenses to the note rather than separate and distinct actions in tort. Thus, they cannot be raised pursuant to the appeal of the prescription judgment because the summary judgment is now final and definitive. The summary judgment was a final decision which actually considered and decided the issue of the validity of the promissory note, and all contractual issues concerning the note's validity including fraud and duress, were made res judicata by this judgment. La.R.S. 13:4231(3).
It follows that the only issues left for trial would have been the claims of mental anguish and pain and suffering. Assuming arguendo that there is a claim in tort under these circumstances, we agree with the trial court that these claims have prescribed.
The Smiths argue that their reconventional demands were timely in that it was made within one year of March 1993, the date of their last payment on the note. The Smiths do not allege any misconduct on the behalf of the Bank after the initial signing of the note in November 1989. Instead, they argue that, as a result of the Bank's misconduct in November 1989, they were at risk of losing their home and business until March 1993 and that each time they made a payment to the Bank they incurred greater and successive damages.
Delictual actions are subject to a liberative prescription of one year. La.C.C. art. 3492. When tortious conduct and resulting damages are of a continuing nature, prescription does not begin until the conduct causing the damages is abated. Bustamento v. Tucker, 607 So.2d 532 (La.1992); South Central Bell Telephone v. Texaco, Inc., 418 So.2d 531 (La.1982). The principle of a continuing tort applies only when continuous conduct causes continuing damages. Doe v. Doe, 95-0006 (La.App. 1st Cir. 10/6/95), 671 So.2d 466.
Here, the Bank's alleged misconduct was not of a continuous nature. Although the Smiths allege continuing damage as a result of the Bank's conduct, continuing damages do not suffice to create a continuing tort. There must also be continuing acts of fault. South Central Bell, supra. The only alleged act of coercion and duress occurred in November 1989. The Smiths were aware of this act at the time of its occurrence and the Bank did nothing to prevent them from filing suit at that time. Thus, we conclude that the trial court did not err in ruling that the Smiths' cause of action has prescribed.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed at appellants cost.
AFFIRMED.
NOTES
[1] A transcript of the hearing on the motion for summary judgment is not included in the record on appeal.