hPEATROSS, J.
Plaintiff, Richard A. Darby, appeals the granting of Defendant’s, Wal-Mart, Inc.’s (‘Wal-Mart”), exceptions of prescription and no cause of action dismissing his suit. For the reasons stated herein, we affirm.

FACTS AND PROCEDURAL HISTORY

Mr. Darby was convicted of second degree murder in September 1997. During the investigation of the murder prior to Mr. Darby’s conviction, a deputy with the Bienville Parish Sheriffs Department took photographs of the crime scene which showed a trail of blood from the victim’s home to his neighbor’s home. The film which contained these photographs was taken to Wal-Mart for processing by a Bienville Parish Sheriffs deputy. During trial on the merits of the murder, it was determined that these photographs were lost by Wal-Mart during processing, through no fault of the Bienville Parish Sheriffs Department.
On January 21, 2000, Mr. Darby filed a pro se civil suit against Wal-Mart alleging he sustained damages, i.e., a conviction, because of Wal-Mart’s negligence in losing the above described photographs. On March 7, 2000, Wal-Mart filed dilatory, declinatory and peremptory exceptions to Mr. Darby’s lawsuit. The trial court set for March 27, 2000, a rule to show cause *594 why Wal-Mart’s exceptions should not be granted. On March 17, 2000, Mr. Darby filed a petition for a writ of habeas corpus ad testificandum requesting that he be brought to the trial court in Ruston on March 27, 2000, presumably to present evidence at the scheduled hearing.
The trial court denied Mr. Darby’s writ, but continued the hearing and instructed Mr. Darby, by certified mail, to provide such evidence as he wished to present at the hearing which was refixed for May 22, 2000. On April 14, 2000, Mr. Darby filed an objection to the exceptions. In his objection, Mr. Darby produced evidence as was instructed by the trial court.
li>On May 22, 2000, Wal-Mart moved for the rule to show cause to be decided on the briefs submitted by the parties with no oral argument. No additional evidence was submitted by Wal-Mart. The trial court then granted Wal-Mart’s exceptions and dismissed Mr. Darby’s claim. It is from this dismissal that Mr. Darby appeals.

DISCUSSION

For purposes of efficiency, we will discuss Mr. Darby’s assignments of error out of order.

Assignment of Error No. 4: Whether the trial court erred in granting Wal-Mart’s peremptory exception of prescription.

Delictual actions, such as in the case sub judice, are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. La. C.C. art. 3492.
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription, unless the petition reveals, prima facie, that the claim has prescribed. Jeter v. Shamblin, 32,618 (La.App.2d Cir.2/1/00), 750 So.2d 521; Bishop v. Simonton, 615 So.2d 8 (La.App. 2d Cir.1993), writ denied, 617 So.2d 908 (La.1993). When the plaintiffs petition shows on its face that the prescriptive period has expired, the burden is on the plaintiff to demonstrate suspension or interruption of the prescriptive period. Lima v. Schmidt, 595 So.2d 624 (La.1992); Jeter, supra; Bishop, supra.
Mr. Darby’s petition states that Wal-Mart lost the photographs in March 1997. On the face of his petition, therefore, it appears prescription began to run against Mr. Darby by March 31, 1997, at the latest. Using this date, we calculate that, on the face of the petition, prescription would have run and expired against Mr. Darby’s claim by April 1,1998.
| ¡¡Mr. Darby did not file a petition in the instant proceedings until January 21, 2000. Mr. Darby’s petition shows on its face, therefore, that his claim has prescribed. The burden thus shifts to Mr. Darby to prove that prescription was suspended or interrupted. We find that Mr. Darby failed to carry this burden.
In his brief, Mr. Darby asserts various doctrines of suspension and interruption of prescription. We will discuss each doctrine separately.
Mr. Darby first asserts that he has suffered a continuous tort, prescription of which has yet to begin to run. The principles of a continuing tort, however, apply only when continuous conduct causes continuing damages. Southern v. Bank One of Louisiana, N.A., 32,105 (La.App.2d Cir.8/18/99), 740 So.2d 775; First National Bank, Bienville Parish v. Smith, 29,350 (La.App.2d Cir.4/2/97), 691 So.2d 355. The theory of the continuing tort requires that the operating cause of the injury be a continuous one. Crump v. Sabine River Authority, 98-2326 (La.6/29/99), 737 So.2d 720. We cannot say that Wal-Mart has committed continuous tortious conduct. The act of losing the above described film occurred only once. Although the alleged damage may continue to occur in that the film remains lost, the film was actually lost only once. We do not, therefore, find that the circumstances of Mr. Darby’s alleged *595 claim fall within the ambit of the continuing tort doctrine.
Mr. Darby also asserts the principle of equitable estoppel. He alleges he was unable to obtain vital information bearing on the existence of his claim, despite due diligence on his part. We find no merit in this assertion. Mr. Darby was possessed of the knowledge of the existence of his claim no later than March 1997, when he learned during trial that the photographs were lost.
Mr. Darby next asserts the doctrine of contra non valentem, which prevents the running of prescription where: (1) legal cause has prevented courts or its officers from acting on or taking cognizance of plaintiffs action; (2) a condition |4coupled with a contract or connected with a proceeding has prevented the creditor from acting; (3) an act of the debtor has effectively prevented a creditor from availing itself of his cause of action; or (4) a cause of action is neither known nor knowable by plaintiff even though plaintiffs ignorance is not induced by defendant. Plaquemines Parish Commission Council v. Delta Development Company, Inc., 502 So.2d 1034 (La.1987); Matthews v. Sun Exploration and Production Co., 521 So.2d 1192 (La.App. 2d Cir.1988). None of the enumerated categories apply to Mr. Darby.
On October 8, 1998, Mr. Darby wrote a letter to the Wal-Mart store in Ruston regarding the loss of the photographs. If he was not aware of the loss of the photographs by March 1997, he was at least aware of the loss by October 8, 1998, as evidenced by this letter. Using this date, we calculate that prescription would have run by October 9, 1999, well before Mr. Darby filed suit on January 21, 2000.
On this record, we cannot say that Mr. Darby has proven that prescription was interrupted or suspended. We, therefore, find no merit in this assignment of error.

Assignment of Error No. 1: Whether the trial court erred in holding a hearing on the rule to show cause without Mr. Darby present.

Assignment of Error No. 2: Whether the trial court erred in not allowing Mr. Darby to present evidence on his behalf.

On March 28, 2000, the trial court sent Mr. Darby a certified letter instructing him to provide the court and opposing counsel by May 15, 2000, with any evidence he wished to present at the May 22, 2000 hearing. On the day of the hearing, Wal-Mart moved the court to decide the rule on the briefs which had been submitted by the parties. No evidence was taken at the hearing and no oral argument was had. We find that Mr. Darby was given ample time to present 1 ^evidence to the court and was not prejudiced by not physically being present at the hearing.

Assignment of Error No. 3: Whether the trial court erred in granting Wal-Mart’s exception of no cause of action.

Dismissal of a claim is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action, or when its allegations, show the existence of an affirmative defense that appears clearly on the face of the pleadings. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237. A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748; Holloway v. Midland Risk Insurance Co., 33,026 (La.App.2d Cir.5/15/00), 759 So.2d 309.
Traditionally there are five elements that a plaintiff must establish to prove a claim of negligence: 1) cause-in- *596 fact; 2) duty; 3) breach of duty; 4) legal or proximate cause; and 5) actual damages. Roberts v. Benoit, 605 So.2d 1032 (La.1991). In its oral reasons for judgment, the trial court discussed three of those elements, stating that, in order for Mr. Darby to prevail in his tort claim, he would have to show that Wal-Mart owed him a duty, that Wal-Mart breached the duty and that he was damaged by that breach.
Although we agree with the trial court’s conclusion that Mr. Darby failed to show that Wal-Mart owed a duty to him or that Wal-Mart breached any duty, for purposes of the exception of no cause of action, we further find that Mr. Darby failed to plead these necessary elements in his petition. The photographs which were lost were never under the care, custody or control of Mr. Darby, nor did he so |Bplead. Wal-Mart’s duty to handle the photographs properly was to the Bienville Parish Sheriffs Department, not Mr. Darby, nor did he so plead. Mr. Darby has, therefore, failed to state a cause of action. The trial court did not err in so finding.

Assignment of Error No. 5: Whether the trial court erred in allowing counsel for Wal-Mart to draft the final judgment.

After stating his findings in open court, the trial judge then ordered counsel for Wal-Mart to prepare a final judgment and send it to Mr. Darby for his approval as to form and content. The trial court also instructed counsel for Wal-Mart that, if Mr. Darby refused to approve the final judgment “within a reasonable amount of time,” counsel could then refer to the rules of court for obtaining a final judgment.
Counsel for Wal-Mart forwarded a copy of the proposed judgment to Mr. Darby by certified midi on May 23, 2000. Mr. Darby’s only response was the filing of a premature notice of appeal on June 1, 2000. According to the rules of court of the Third Judicial District, a party may present a judgment to the court for signature, without approval of the opposing party, with proof that the judgment has been presented to the opposing party within 48 hours of presentation to the court. On this record, we find that counsel for Wal-Mart has followed the above rule and the court did not err in signing the final judgment, despite the lack of Mr. Darby’s signature of approval.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court granting the peremptory exceptions of prescription and no cause of action filed by Defendant, Wal-Mart Stores, Inc., and dismissing Plaintiffs, Richard A. Darby’s suit. All costs are assessed to Plaintiff, Richard A. Darby.
AFFIRMED.