RICHARD DALE PARKER
v.
RICHARD L. STALDER, DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, WARDEN PAT BROOK, ASST. WARDEN RAMSEY, CATAHOULA CORRECTIONAL CENTER.
No. 2008 CA 0376.
Court of Appeals of Louisiana, First Circuit.
September 23, 2008.
RICHARD DALE POWERS, Pro Se.
WILLIAM L. KLINE, Counsel for Defendant/Appellee Richard L. Stalder
Before: KUHN, GUIDRY, and GAIDRY, JJ.
KUHN], J.
Prisoner-appellant, Richard D. Parker, seeks review of the district court judgment, sustaining a peremptory exception raising the objection of no cause of action and dismissing his claim against Richard Stalder, in his capacity as Secretary for the Department of Public Safety and Corrections (Department),[1] without prejudice for failure to state a cause of action.
The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts of the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993). No evidence may be introduced to support or controvert the objection. La. C.C.P. art. 931. A court must review the petition and accept all well pleaded facts as true, and the only issue on the trial of the exception is whether, on the face of the petition, plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc., 616 So.2d at 1235; Cage v. Adoption Options of Louisiana, Inc., 94-2173 (La. App. 1st Cir. 6/23/95), 657 So.2d 670, 671.
According to La. R.S. 15:1177A:
Any offender who is aggrieved by an adverse decision, excluding decisions relative to delictual actions for injury or damages, by the [Department] ... may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located....
A review of the allegations set forth in appellant's petition for judicial review demonstrate that the only fact directed at Stalder is that the Department did not respond to appellant's alleged attempt to appeal the failure of Warden Book and Assistant Warden Ramsey to inform him of the basis for denying his request to send $2,000 from his inmate account to his mother. As noted by the district court commissioner, appellant has failed to demonstrate that the Department: (1) is the proper appellate tribunal for this complaint against the parish prison; (2) has an obligation to review such complaints; or (3) has authority to modify the decision of the warden insofar as the rules that govern the parish facility.
Accordingly, having failed to assert facts against Stalder in his capacity as the Secretary of the Department for which relief may be granted, the trial court correctly dismissed his claim against the Department. This memorandum opinion is issued in compliance with La. U.R.C.A. Rule 2-16.2A(2)(4)(5) & (6). Appeal costs are asserted against prisoner-appellant, Richard D. Parker.
AFFIRMED.
NOTES
[1] Although the judgment does not grant relief against all the parties appellant has named in his petition for judicial review, because defendant Richard Stalder is dismissed from the lawsuit, the judgment of dismissal is final and subject to immediate appeal. See La. C.C.P. art. 1915A.