# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30584
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2014

Lyle W. Cayce
Clerk

CLAUDE WILLIAMS,

Plaintiff–Appellant,

v.

OTIS ELEVATOR COMPANY,

Defendant–Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-57

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Claude Williams sued his former employer Otis Elevator Company alleging that he was discriminated against on the basis of his race and subjected to retaliation in violation of Title VII of the Civil Rights Act of 1964 and various Louisiana anti-discrimination statutes. The district court dismissed his claims and he now appeals. We affirm the dismissal of Williams's state and federal employment discrimination claims and dismiss for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30584

want of jurisdiction Williams's appeal of the denial of his Rule 60(b) motion to vacate the judgment.

## I

Williams, an African-American male, was hired by Otis in May 2005. He alleges that while he was employed by Otis, his supervisor, Randy Brown, mounted a "campaign to have [him] fired." Williams asserts that he was "treated differently from his Caucasians [sic] co-workers" and that Brown favored Caucasian employees by not "writing them up" for legitimate, workplace infractions. In September 2008, Otis denied Williams's request of a "primo" route that would have come with better pay. He alleges that he was denied this route because of his race and that instead the route was given to a less-qualified, newly hired Caucasian employee. Williams reported this treatment to his union, and as a result, he alleges that Otis retaliated against him by altering his route "to less favorable conditions" and "subject[ing] [him] to a series of . . . unwarranted write ups." On November 2, 2010, Otis terminated Williams's employment.

On August 4, 2011, Williams filed a Charge of Discrimination with the Equal Opportunity Employment Commission (EEOC). The EEOC charge alleged that he had been terminated as a result of racial discrimination. He then filed this suit on January 25, 2013, contending that Otis violated Title VII of the Civil Rights Act,[1] the Louisiana anti-discrimination statute,[2] and the Louisiana whistleblower statute.[3]

The district court granted Otis's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court held that Williams's state law

---

[1] 42 U.S.C. § 2000e-2.

[2] LA. REV. STAT. ANN. §§ 23:301-23:369.

[3] LA. REV. STAT. ANN. § 23:967.

No. 13-30584

anti-discrimination and whistleblower claims were time-barred because they were brought, respectively, outside of the eighteen month and one-year prescriptive periods established by Louisiana law.[4]  The district court also dismissed Williams's Title VII claim.  First, it stated that any allegedly discriminatory conduct that took place more than 300 days before Williams filed his EEOC charge, on August 4, 2011, could not serve as the basis for his Title VII claim.[5]  Thus, only those allegations of discrimination that took place between October 8, 2010, and November 2, 2010, the date he was terminated, were timely.  Second, it held that regardless of which allegations were timely or not timely, his Title VII claims were impermissibly outside of the scope of his EEOC charge and therefore had to be dismissed because he had failed to exhaust his administrative remedies.

After the order granting the motion to dismiss, Williams filed a Rule 60(b) motion to vacate the judgment on the grounds that one of the three attorneys listed on the briefing for Otis in the district court had engaged in the unauthorized practice of law because he was not admitted to practice before the Middle District of Louisiana and had failed to file a pro hac vice motion until after the motion to dismiss was granted.  The district court denied this motion.  Williams now appeals raising only two issues: first, that the continuing tort doctrine permits him to bring his otherwise time-barred federal and state claims; and second, that the order granting the motion to dismiss should be vacated because of the allegedly unauthorized practice of law by one of Otis's attorneys.

---

[4] A prescriptive period is the civil law equivalent of a statute of limitations. *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 n.15 (5th Cir. 2009).

[5] *See* 42 U.S.C. § 2000e-5(e)(1).

No. 13-30584

## II

We review the grant of a motion to dismiss de novo.[6] To survive a motion to dismiss, a complaint must contain sufficient facts to support a claim to relief that is plausible on its face.[7]

## III

Williams's first point of appeal is that the district court erred in failing to apply the continuing tort doctrine to his Louisiana state claims. Under Louisiana law, "[w]hen tortious conduct and resulting damages are of a continuing nature, prescription does not begin until the conduct causing the damages is abated."[8] For the continuous tort doctrine to apply, "the operating cause of the injury [must] be a continuous one which results in continuous damages."[9] It does not apply if "the complained of actions by the defendant were simply the continued ill effects that arose from a single tortious act."[10]

Williams alleges that the doctrine applies because he continues to accrue damages from the alleged actions of Otis, including that he has been "unable to find work with his Union, continues to have marital difficulties which [sic] are heading towards divorce, and other family problems." But this confuses the function of the continuous tort doctrine. It does not suspend the statute of limitations indefinitely for discrete acts of discrimination simply because the ripple effects of those acts cause lingering harm. It is the tort that must be continuous, not the repercussions of that tort. A "continuing tort is occasioned

---

[6] *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *First Nat'l Bank v. Smith*, 29-350, p. 4 (La. App. 2 Cir. 4/2/97); 691 So. 2d 355, 358.

[9] *Crump v. Sabine River Auth.*, 98-2326, p. 7 (La. 6/29/99); 737 So. 2d 720, 726.

[10] *Cooper v. La. Dep't of Pub. Works*, 03-1074, p. 6 (La. App. 3 Cir. 3/3/04); 870 So. 2d 315, 323 (citing *Crump*, 737 So. 2d at 728-29).

No. 13-30584

by [the continual] unlawful acts, not the continuation of the ill effects of an original, wrongful act."[11]

Even if the alleged torts had been continuous, however, Williams's state law claims would still be time-barred. The Louisiana anti-discrimination statute has a prescriptive period of one year, which can be suspended for a maximum of six months during the pendency of a state or federal administrative investigation.[12] The Louisiana whistleblower statute does not have a statute-specific prescriptive period but Louisiana courts typically apply the general one-year statute of limitations to these claims.[13] There is no comparable six-month tolling provision in the event of an administrative investigation.[14] In this case, the allegedly discriminatory conduct abated when Williams was terminated—over two years before Williams filed his suit. Therefore, his Louisiana state claims would nevertheless be time-barred by the applicable prescription statutes, of eighteen and twelve months, even if the continuing tort doctrine applied.

## IV

Williams also alleges that the district court erred in failing to apply the substantially similar federal continuing violation doctrine to his Title VII claim. The district court held that Williams could not base his Title VII claim on any acts of discrimination that occurred before October 8, 2010, 300 days before he filed his EEOC charge. Absent the application of the continuing

---

[11] *In re Med. Review Panel for the Claim of Moses*, 00-2643, p. 16 (La. 5/25/01); 788 So. 2d 1173, 1183 (alteration in original).

[12] LA. REV. STAT. ANN. § 23:303(D).

[13] *Nolan v. Jefferson Parish Hosp. Serv. Dist. No. 2*, 01-175, p. 12 (La. App. 5 Cir. 6/27/01); 790 So. 2d 725, 733 ("Absent any specification within [§ 23:967], [the] cause of action . . . is subject to the general one-year prescriptive period for delictual actions."); *see also Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575, 581 (M.D. La. 2002).

[14] *See* LA. REV. STAT. ANN. § 23:967; *Langley*, 220 F. Supp. 2d at 581.

violation doctrine, claims based on these acts would be time-barred by the application of 42 U.S.C. § 2000e-5(e)(1).[15] Federal employment law recognizes a continuing violation doctrine for the purpose of "reliev[ing] a plaintiff of establishing that all of the complained-of conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period."[16] To succeed, Williams would have to "show an organized scheme leading to and including a present violation, such that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of action."[17] Williams alleges that this doctrine applies on the basis that his discrimination was continuous and that he continues to accrue damages.

It is unlikely that Williams has alleged sufficient facts in support of his continuing violation theory to survive a motion to dismiss. Nothing in his complaint seems to suggest a continuous, organized scheme on the part of Otis.[18] But we decline to decide the issue because our resolution of it would be fruitless. The district court dismissed the Title VII claim in its entirety—not just the possibly time-barred factual allegations—because the claim fell outside of the scope of Williams's EEOC charge. The district court held that the charge was "generalized and insufficient" and that therefore Williams had

---

[15] *See, e.g.*, *Mack v. John L. Wortham & Son, L.P.*, No. 12-20798, 2013 WL 4758052, at *6 (5th Cir. Sept. 5, 2013) ("Thus, though the effects of an allegedly discriminatory act may persist, a claim based on that act is not actionable under Title VII if the act occurred more than 300 days before the charge was filed." (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 257-59 (1980))).

[16] *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998) (quoting *Messer v. Meno*, 130 F.3d 130, 134-35 (5th Cir. 1997)).

[17] *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 352 (5th Cir. 2001).

[18] *See id.* ("[A] one-time employment event, including the failure to hire, promote, or train and dismals or demotions, is 'the sort of discrete and salient event that should put the employee on notice that a cause of action has accrued.'" (quoting *Huckabay*, 142 F.3d at 240)).

No. 13-30584

failed to exhaust his administrative remedies.[19]  On appeal, however, Williams fails to challenge or even mention this portion of the district court's holding. Where an appellant challenges only one of the district court's alternative holdings, the argument that the other alternative holding was in error is waived.[20]  Therefore, the appeal on this issue necessarily fails and the district court's dismissal of his Title VII claims must stand.[21]

## V

As the final point of appeal, Williams alleges that the district court abused its discretion in denying his Federal Rule of Civil Procedure 60(b) motion to vacate the judgment.  Williams filed a motion to vacate the judgment on the grounds that one of the three attorneys for Otis had engaged in the unauthorized practice of law because he had been listed on the briefing without having filed a motion for pro hac vice admission to the Middle District of Louisiana.  We cannot reach the merits of this claim because we lack appellate jurisdiction to consider the district court's denial of the motion.

The Supreme Court has ruled that the timely notice of appeal is a jurisdictional requirement for which we cannot fashion equitable exceptions.[22] In order to challenge an order that was subsequent to the final judgment in a case an appellant must amend his notice of appeal.[23]  "A party intending to

---

[19] *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) ("[T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.").

[20] *R.R. Mgmt. Co. v. CFS La. Midstream Co.*, 428 F.3d 214, 220 n.3 (5th Cir. 2005) (citing *N.W. Enters., Inc. v. City of Hous.*, 352 F.3d 162, 185-86 (5th Cir. 2003)); *see also United States v. Hatchett*, 245 F.3d 625, 644-45 (7th Cir. 2001) (failing to address one of two or more alternative holdings on an issue waives claims of error with respect to that issue).

[21] *See Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 809 n.17 (5th Cir. 2006) ("Because they do not raise this argument in their briefs on appeal, it is waived.").

[22] *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

[23] *Funk v. Stryker Corp.*, 631 F.3d 777, 781 (5th Cir. 2011).

challenge an order disposing of [a Rule 60 motion] . . . must file a notice of appeal, or an amended notice of appeal—in compliance with Rule(3)(c)."[24]  Rule 3(c) requires that this notice or amended notice "designate the judgment, order, or part thereof being appealed."[25]  Williams's notice of appeal in the present case was filed before the district court issued its order on his Rule 60(b) motion. But Williams never filed a second notice of appeal or amended his notice of appeal to indicate that he was appealing the district court's order on the Rule 60 motion.

It is true that we construe the requirement of a new or amended notice of appeal liberally and have held that "a brief may serve as the functional equivalent of an appeal if it is filed within the time specified by [Rule] 4 and gives the notice required by [Rule] 3."[26]  But this still requires that the opening brief that first raises the issue be filed within thirty days.[27]  In this case, the district court's order issued on June 6, 2013.  Williams's opening brief was not filed until August 12, 2013.  This falls outside of the thirty-day window and thus we have no jurisdiction to consider whether the district court properly denied his Rule 60(b) motion.

*     *     *

The district court's dismissal of Williams's state and federal employment law claims is AFFIRMED, and the appeal from the denial of the motion to vacate is DISMISSED for want of jurisdiction.

---

[24] FED. R. APP. P. 4(a)(4)(B)(ii); *see also Taylor v. Johnson* 257 F.3d 470, 474-75 (5th Cir. 2001) ("In general, we require a separate notice of appeal to preserve the issue for our review.").

[25] FED. R. APP. P. 3(c)(1)(B).

[26] *Taylor*, 257 F.3d at 475 (internal quotation marks omitted).

[27] *Id.*; FED. R. APP. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").