# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2012

No. 11-20374
Summary Calendar

Lyle W. Cayce
Clerk

KATHERINE A. SWILLEY,

Plaintiff - Appellant

v.

CITY OF HOUSTON; ACTING CHIEF CHARLES MCCLELLAND, JR., also known as McClelland,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2995

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Katherine A. Swilley ("Swilley") appeals the district court's grant of summary judgment in favor of the City of Houston, Texas ("Houston"), and Charles McClelland, Jr. ("McClelland"), the acting Houston Chief of Police. Before us are Swilley's claims of gender discrimination, retaliation, § 1983 constitutional due process, equal protection, and free speech violations, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1985 conspiracy violation against Houston and McClelland, for actions surrounding Swilley's termination from her position as a Senior Police Officer with the Houston Police Department's Public Affairs Division.

The district court correctly summarized the facts leading to Swilley's termination. Swilley founded Texas Cops & Kids, Inc., a nonprofit crime prevention program for children. In the spring of 2006, then-Houston Chief of Police Harold Hurtt became aware of Swilley's program, and based on her work, thought Swilley could implement a program similar to one Hurtt had implemented during his prior service with the Phoenix, Arizona police department. She was subsequently assigned to the Public Affairs Department to initiate Chief Hurtt's Kids at Hope program.[1] Hurtt originally believed Swilley's Texas Cops & Kids program was an official Houston Police Department program, which in fact it was not. Instead, it was a non-profit entity not affiliated with the Houston Police Department despite Swilley's publicity of the program in her official Houston Police Department uniform.

Once in her new position, Swilley repeatedly refused to follow her chain of command and insisted that she worked directly for the Chief, which was not true. In March 2007, in light of Swilley's failure to follow her chain of command and Chief Hurtt's realization that Texas Cops & Kids was likely not an official Department program, the Chief requested Swilley's supervisors meet with Swilley to better understand her involvement with Texas Cops & Kids. Instead of cooperating with her supervisors, Swilley become argumentative and defiant, questioned her supervisors' motives, and indicated she would continue to violate Department policy. Swilley's supervising lieutenant then filed a complaint of

---

[1] Acting Houston Chief of Police McClelland has been substituted in this suit following Chief Hurtt's resignation in December 2009.

insubordination with the Department's Internal Affairs Department ("IAD").

At approximately the same time in March, Swilley met with Chief Hurtt to report acts of discrimination against her. On June 26, 2007, Swilley filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination and retaliation. Meanwhile, IAD conducted a criminal investigation involving grant money intended for the Kids at Hope program.

At the conclusion of the IAD's investigation in September 2007, the Department conducted a *Loudermill* hearing[2] where Chief Hurtt presented Swilley with charges of untruthfulness, insubordination, and violating a policy regarding outside employment. Swilley was represented by counsel at the hearing. Following the hearing, Swilley signed a waiver to relinquish the claims in her EEOC complaint. In the waiver, Swilley accepted a fifteen-day suspension and agreed not to appeal it in exchange for the dismissal of a misconduct charge that could have resulted in her termination.

Despite signing the waiver, Swilley, with the assistance of counsel, submitted another letter to Chief Hurtt approximately a month later, complaining that her original discrimination and retaliation claims had not been investigated, that she had signed the waiver under duress, and that she no longer intended to abide by her commitments in the waiver.

The IAD commenced a second investigation regarding Swilley's discrimination and retaliation claims. The investigators were unable to corroborate any of Swilley's claims of unequal or preferential treatment of male officers that were the basis of her discrimination and retaliation claims. The final 74-page IAD report also detailed additional policy violations by Swilley,

---

[2] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

including additional instances of untruthfulness and a failure to respect her supervising officers. It was recommended to Chief Hurtt that Swilley be terminated.

A second *Loudermill* hearing was conducted in March 2008. Swilley was represented by counsel and attended the hearing. Following the hearing, on March 14, 2008, Swilley's employment with the Department was terminated. She then appealed her termination to an independent hearing examiner as permitted under Texas law. At the appeal, Swilley was represented by counsel and received a full hearing, complete with fourteen witnesses and where she introduced twenty-one exhibits. Swilley admitted at the hearing that she had been untruthful about a variety of her statements in the 2007 and 2008 investigations. The hearing examiner affirmed Chief Hurtt's termination of Swilley.

Swilley then filed this lawsuit alleging gender discrimination, retaliation, various constitutional violations, and a conspiracy on the part of the police department. Following a protracted pre-trial period that included five different attorneys making an appearance on behalf of Swilley, numerous discovery issues, and three extensions to discovery deadlines, the district court granted summary judgment to Houston and McClelland (substituted for Chief Hurtt) on all claims in April 2011.

Swilley timely filed her notice of appeal. However, in addition to her notice of appeal, Swilley also filed in the district court, successively: (1) a Motion for Relief from Judgment supported by 594 pages of documents, (2) a Memorandum in Further Support of her Motion for Relief from Judgment with exhibits, (3) a Third Rule 60(b) Motion for Relief from Judgment with exhibits, (4) a Supplement to Rule 60 Motion with exhibits, and (5) a Second Supplement to Third Rule 60 Motion with exhibits. Swilley challenges all of the district

court's findings on summary judgment, arguing that the five hundred plus pages of documents she submitted with her opposition to summary judgment, along with the additional five hundred plus pages she submitted in her post-judgment motions contain enough facts to generate genuine issues of material facts on her allegations.

"We review the district court's grant of summary judgment *de novo*." *Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* In determining whether a genuine issue as to any material fact exists, we view the evidence in the light most favorable to the nonmoving party. *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007).

For the following reasons, we affirm the district court's grant of summary judgment.

1. To make out a prima facie case of discrimination, Swilley must show that she: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). As explained by the district court, Swilley was not qualified for the position at issue because she was affirmatively unwilling to comply with the basic organizational mandate for her position. Swilley does not contend she was qualified for her position nor does she offer any evidence that she was qualified for the position. Accordingly, Swilley's discrimination claim is without merit.

2.  To establish a prima facie case of retaliation, Swilley must establish that: (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse employment action.  *Id.* at 556–57.  If Swilley makes a prima facie showing, the burden shifts to Houston to articulate a legitimate, nonretaliatory reason for its employment action.  This burden is only one of production, not persuasion. If Houston meets its burden of production, Swilley bears the ultimate burden of proving that Houston's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose. *Id.* at 557.  Even if we assume Swilley can establish a prima facie case of retaliation, Houston's stated nonretaliatory reason for her termination was untruthfulness.  Swilley has not proven that untruthfulness was simply a pretext for her termination.  Quite the opposite—she admitted at her post-termination appeal hearing that she had been untruthful about a variety of her statements in the 2007 and 2008 investigations.  The district court's grant of summary judgment on Swilley's retaliation claim was therefore correct.

3.  To establish a § 1983 claim for a violation of constitutional rights by a municipality, Swilley must prove three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).  Swilley alleges violations of her Fourteenth Amendment due process and equal protection rights and a violation of her First Amendment right by Houston's alleged retaliation against her following her protected speech. Swilley's due process claim fails because she was

provided two-pre-termination *Loudermill* hearings at which she was represented by counsel and a post-termination hearing where she was again represented by counsel. She has failed to offer proof of any of the three elements of a § 1983 due process claim. Similarly, Swilley has offered only vague allegations that similarly situated persons outside of her class were treated differently and has therefore not shown an official policy to violate her equal protection rights. Lastly, her First Amendment retaliation claim must fail in conjunction with her Title VII retaliation claim discussed above. "When a § 1983 claim is used as a parallel to a Title VII claim under a given set of facts, the elements required to be established for each claim are deemed the same under both statutes." *Merwine v. Bd. of Trs. for State Insts. of Higher Learning*, 754 F.2d 631, 635 n.3 (5th Cir. 1985).

4. Swilley's claim for a conspiracy under 42 U.S.C. § 1985 fails for two reasons. First, Swilley concedes she has not presented evidence establishing an alleged conspiracy to prevent her from presenting an effective case in federal court. Second, the only opposing parties in this suit are the City of Houston and its employees. The City of Houston is a single legal entity and, as a matter of law, its employees cannot conspire among themselves. *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998).

5. The district court did not err when it denied Swilley's motion for continuance on the day that her opposition to Houston's motion for summary judgment was due. This court examines the denial of a continuance by considering whether the district judge acted within his

discretion knowing what he knew at the time of his denial. *United States v. Medina-Arellano*, 569 F.2d 349, 354 (5th Cir. 1978). Here, there was no prejudice to Swilley because, despite asking for a continuance on the day her summary judgment opposition was due, she still filed a voluminous opposition that was over 100 pages in length, supported by four declarations and forty-four exhibits. Altogether, Swilley filed 567 pages of documents in support of her opposition to summary judgment. It is not clear what more Swilley could have expected to file and we hold that the district court did not abuse its discretion in denying a continuance.

6. This court does not have jurisdiction to consider the district court's denial of Swilley's multiple Rule 60(b) motions following its entry of summary judgment in favor of Houston. Swilley's May 11, 2011 Notice of Appeal is limited to the district court's April 11, 2011 Final Judgment Order with respect to its summary judgment decision. No additional amended notices of appeal regarding the motions for reconsideration were filed and therefore the denial of those motions is not properly before this court. *See* FED. R. APP. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of [a Rule 60 motion] must file . . . an amended notice of appeal. . . ."); *Funk v. Stryker Corp.*, 631 F.3d 777, 781 (5th Cir. 2011) ("An appellant must amend his notice of appeal to challenge orders subsequent to the final judgment.").
AFFIRMED.