# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40346
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2018

Lyle W. Cayce
Clerk

VICTOR VEGA,

Plaintiff - Appellant

v.

TOWN OF FLOWER MOUND, TEXAS; CHIEF OF POLICE, Flower Mound Police Department; MARTHA KOTILA; LAVONA BURGESS, Property/Evidence Section, Flower Mound Police Department,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CV-172

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Victor Vega, Texas prisoner # 1447025 and proceeding *pro se*, challenges the summary-judgment dismissal of his 42 U.S.C. § 1983 action, which claims, *inter alia*, that personal property seized and used as evidence in his state-court criminal trial was improperly destroyed without adequate notice and opportunity to be heard, in violation of his due-process rights.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-40346

As an initial matter, Vega challenges the district court's denial of his Federal Rule of Civil Procedure 60(d)(1) postjudgment motion for relief from judgment, in which he challenged the magistrate judge's denial of his motions for a default judgment and to strike defendants' responsive pleadings.  We lack jurisdiction to consider these points because he did not file an amended, or separate, notice of appeal after the court denied his Rule 60(d)(1) motion.  28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(4)(B)(ii) (party challenging order disposing of postjudgment Rule 60 motion must file amended, or separate, notice of appeal from entry of order); *see e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 780–81 (5th Cir. 2011) (holding court lacked jurisdiction to consider district court's denial of plaintiff's postjudgment motions because he did not file an amended, or separate, notice of appeal).

Vega next contests the summary-judgment dismissal of his due-process claim.  In doing so, he challenges the determination that his claim was time-barred, as well as the alternative conclusions that:  it was barred by the *Parratt/Hudson* doctrine, *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 535–37 (1981); it lacked merit; and the individual defendants had qualified immunity.

With respect to the time-bar, Vega contends that, under the federal "discovery rule", although his property was destroyed pursuant to court order on 19 November 2013, the applicable Texas two-year limitations period, *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a), did not begin to run until he became aware in March 2015 of the property destruction.  The discovery rule does not delay the accrual date for Vega's claim, however, because he has not shown he could not have discovered it earlier, through the exercise of due diligence.  *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 190 (5th Cir. 2011).

No. 17-40346

Although Vega conclusionally asserts he "had no duty to be diligent prior to March of 2015" because he was still actively pursuing his criminal appeal, his conviction was affirmed on direct appeal in October 2008; his application for postconviction relief was denied by the Texas Court of Criminal Appeals in February 2010; and his second application for such relief was dismissed in June 2011. Vega had no pending petitions for relief in state court after that date.

In that regard, he offers no explanation for failing to inquire about the status of his property until four years after the denial of his last request for relief in his criminal proceedings, despite knowing the property had been in defendants' custody prior to, and since, his 2007 conviction. Moreover, Vega's assertion that he could not have been expected to inquire about the status of his property because he was still pursuing federal habeas relief is unavailing, given that he did inquire despite the pendency of his federal petition. Consequently, the discovery rule does not apply, meaning the limitations period commenced on 19 November 2013, when his property was destroyed, and expired two years later, on 19 November 2015. *See id.* at 190. Because Vega filed this action in February 2016, it is untimely.

Along that line, Vega contends he was entitled to equitable tolling, asserting defendants fraudulently kept the destruction of his property from him by sending defective notice to his former attorney. This, too, is unavailing. Texas courts apply equitable tolling "sparingly", doing so only when plaintiff diligently pursued his rights; a litigant may not use the doctrine "to avoid the consequences of their own negligence." *Hand v. Stevens Transp., Inc. Empl. Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App. 2002). As explained *supra*, Vega has not shown he pursued his rights diligently, warranting equitable tolling. *See id.* at 293.

3

Because this action was properly dismissed as untimely, we need not address Vega's remaining claims regarding the *Parratt/Hudson* doctrine, the merits, or qualified immunity.

DISMISSED IN PART FOR LACK OF JURISDICTION; AFFIRMED IN PART.