# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2022

Lyle W. Cayce
Clerk

No. 21-30569

United States of America,

*Plaintiff—Appellee*,

*versus*

Jimmy R. Davis,

*Defendant—Appellant*.

Application for a Certificate of Appealability
from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-754

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Jimmy Davis, federal inmate #08450-095, moves for a certificate of appealability ("COA") to appeal the dismissal, as time-barred, of his 28 U.S.C. § 2255 motion challenging his convictions and sentences for distributing child pornography and transferring obscene materials to a minor.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30569

Davis contends that he is entitled to equitable tolling of the one-year limitation period of § 2255(f) based on his transfers between three Bureau of Prisons facilities and attendant lack of access to a law library at two of them; his placement in a special housing unit at each facility; his diminished mental capacity; the time it took him to locate and contact his trial counsel; and the delay in his receiving counsel's case file caused by prison mailroom staff. In addition, Davis requests a COA to challenge the denial of his motion to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e). Lastly, Davis appeals the district court's decision not to conduct an evidentiary hearing on equitable tolling.

As an initial matter, we lack jurisdiction over the appeal of the denial of the Rule 59(e) motion because Davis failed to file a separate or amended notice of appeal following the denial of that motion. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Funk v. Stryker Corp.*, 631 F.3d 777, 780–81 (5th Cir. 2011).

To obtain a COA to appeal the dismissal of his § 2255 motion, Davis must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that burden as to the district court's time-bar dismissal, he must show "at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Davis fails to make the requisite showing. Accordingly, the motion for a COA is DENIED. Because Davis fails to make the required showing for a COA, we do not reach whether the district court erred by denying an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534–35 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 122 (2021).