# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-10183
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2025

Lyle W. Cayce
Clerk

Siyu Yang,

*Plaintiff—Appellant*,

*versus*

Gregory Roper, *Administrator, University of Dallas*; Matthias Vorwerk, *Administrator, University of Dallas*; Jonathan Sanford, *Administrator, University of Dallas*; Miguel Kelley, *Student, University of Dallas*; Santiago McMunn, *Student, University of Dallas*,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-3019

————————————————————

Before Clement, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Siyu Yang, proceeding pro se, appeals the district court's dismissal without prejudice of his civil action for lack of subject matter jurisdiction.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10183

It is a hallmark principle that a "district court must dismiss [an] action if it finds that it lacks subject matter jurisdiction." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing Fed. R. Civ. P. 12(h)(3)). We review a district court's dismissal for lack of subject matter jurisdiction de novo. *Taylor v. Acxiom Corp.*, 612 F.3d 325, 331 (5th Cir. 2010).

*First*, Yang asserts that the district court erred in dismissing his Fourteenth Amendment, breach of contract, defamation, and libel claims. He also contends that it erred in concluding that he failed to establish diversity jurisdiction. True, pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but pro se litigants must still brief arguments and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *see* Fed. R. App. P. 28(a)(8)(A). When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Yang fails to challenge the district court's dismissal of these claims for lack of subject matter jurisdiction, he has abandoned these arguments. *See id.*; *Yohey*, 985 F.2d at 224–25.

*Second*, Yang asserts that the district court erred in dismissing his Americans with Disabilities Act claim and failing to consider his "properly asserted right to privacy and claims arising under the Health Insurance Portability and Accountability Act and related constitutional protections." Yang raised both claims for the first time in his objections to the magistrate judge's report and again in the proposed amended complaint he filed with his motion to alter the district court's judgment under Federal Rule of Civil Procedure 59(e). He does not discuss the district court's purported errors and has therefore abandoned these issues. *See Yohey*, 985 F.2d at 224–25. To the extent he challenges the district court's denial of Rule 59(e) relief to

No. 25-10183

amend his complaint to add these claims, we lack jurisdiction over the Rule 59(e) denial. *See Funk v. Stryker Corp.*, 631 F.3d 777, 780–81 (5th Cir. 2011).

For these reasons, the district court's judgment is AFFIRMED in part and DISMISSED in part for lack of jurisdiction.